FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
(213) 384-6964 -    (Voice)
(213) 383-7368 -   (Telefax)
maimons@aol.com -  (E-Mail)

Attorney for Plaintiff
RAMBOD SOTOODEH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMBOD SOTOODEH; | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES; INJUNCTIVE AND DECLARATORY RELIEF** |
| vs. | **[Violation of Federal Civil Rights - 42 U.S.C. Section 1983]** |
| | **DEMAND FOR JURY TRIAL** |
| CITY OF WEST COVINA, a municipal corporation; AND DOES 1 THROUGH 10 INCLUSIVE, | |
| Defendants. | |

1

Plaintiff   RAMBOD SOTOODEH.aka HOSSEIN RAMBOD SOTOODEH

("Plaintiff" or "RS") hereby files the following Complaint and states and alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3).  This action, which arises under the laws and Constitution of the United States, specifically, the First and Fourteenth Amendments of the United States Constitution, and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.

2.    Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF WEST COVINA ("Defendant" or "City"), is a public entity in this District and the individual defendants reside in this District, and the claims arose in this District.

## PARTIES

3.    Plaintiff is a resident of West Covina and a long styanding businessman in the San Gabriel Valley, CA.

4.    Defendant CITY  ("City") is a municipal corporation formed and operating under its  local charter and the laws of the State of  California.

5.    The true names and capacities, whether individual, corporate, associate  or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to him at this time. Plaintiff is informed and believes and based thereon alleges that each of the DOE defendants are responsible in some manner for the occurences herein referred to, and that Plaintiff's  injuries

2

and damages as herein alleged were proximately caused by those defendants.Plaintiff sues said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## PRELIMINARY FACTUAL HISTORY

9. Plaintiff is presently running for the elected office as a council member City Council District 5.

10. The incumbent in District 5 who is also running for reelection is City Council member TONY WU ("Wu").

11. On February 3, 2015, the City adopted Ordinance No. 2272, amending Chapter 2, Article VIII, of the West Covina Municipal Code relating to the the campaign for elected office financial regulations ("Ordinance"). A certified copy of the Ordinance is attached hereto as Exhibit "A" and incorporated herein by reference.

12. Among the City's stated goal on the face of the Ordinance in adopting it, was to combat corruption and undue influence, and enable canidates to compete more equitably for public office. (Ordinance, City Municipal Code Section 2-400 (b)(1)).

13. Claiming to effectuate these goals, the Ordinance limits the amount an individual can contribute to a canidate for elected office in the City, to $500 in any calendar year.(Ordinance, City Municipal Code Section 2-402).

3

14. As a result of the campaign finance limit set forth in the Ordinance, City Municipal Code Section 2-402, the Plaintiff has been significantly limited in raising sufficient funds to run an effective campaign.

15. Plaintiff has a significant amount of individuals who would contribute more than the $500 limit set forth in the Ordinance, and would be able to raise sufficient funds to rent sifficient office space, hire enough personnel to work and advertise his campaign. Plaintiff has been further prevented from raising funds, and has been "chilled" from doing so, in that the contribution limits as set forth in the the Ordinance, City Municipal Code Section 2-405, makes it a criminal misdemeanor, punishable by a fine and jail time, and/or subject to a civil action by the City for knowingly or willingly violating the contribution limits.(Ordinance, City Municipal Code Section 2-405(a)-(b)).

16. In Randall v Sorrell, 548 U.S. 280 (2006) ("Randall"), the United States Supreme Court considered a non-aggregate contribution limit in election campaign financing laws.

17. In Randall, the Supreme Court invalidated a Vermont law that limited individual contributions on a per-election basis to $400 to a canidate for Governor, Lieutenant Governor, and statewide elected office, $300 for state senator, and $200 for a state representative.

18. .Justice Breyer's opinion for the plurality observed that "contribution limits that are too low . . . harm the electoral process by preventing challengers from mounting effective campaigns against incumbent officeholders, thereby reducing democratic

4

accountabilty." Randall, 548 U.S. at 248-249 (Kennedy J., concurring in judgment) (agreeing that Vermont's contribution limits violated the First Amendment); id. At 265-273) (Thomas, J., joined by Scalia, J., concurring in judgment) (agreeing that Vermont's contribution limits violated the First Amendment while arguing that such limits should be subject to strict scrutiny analysis).

19.    A contribution limit that is too low can therefore "prove an obstacle to the very election fairness it seeks to promote." Id. At 249 (plurality opinion).

20.    More than ten federal circuit court of appeals in the United States have "correctly looked to Randall in reviewing campaign contribution," as stated by the Supreme Court in vacating and reversing a United States Court of Appeals Ninth Circuit published opinion that upheld the contribution limits in Alaska law that limited the amount an individual can contribute to a canidate of political office to $500 per year. Thompson v Hebdon, 589 U.S. ____ (2019); 140 S.Ct. 348 (2019); Thompson v Hebdon, 7 F.4th 811 (9th Cir. 2021) ("Thompson")

21.    The City's Ordinance, City Municipal Code Section 2-402, limiting the amount an individual can contribute to a canidate for elected office in the City, to $500 in any calendar year, is in violation of the First Amendment, on its face and as applied to Plaintiff, pursuant to Randall and the Supreme Coiirt and Ninth Circuit decisions in Thompson.

22.    Further, the City, with the tacit approval of the City Council, has implemented a on-written policy permitting city officials to take action actions that favor the incumbent Wu in this campaign.

5

23.     For example, while the City has a codified policy that does not permit a canidate, including Plaintiff, to post political signs for canidates rumming for elected office on City public property, yet the City has allowed Wu to do so, over the objections by Plaintiff to the City and various City officials.

24.     Plaintiff's political signs for elected office have been taken down by various individuals, even though legally being posted on public property and, with the consent of private residence owners on their properties, and in particular have been removed from E. Hillside Drive in th City, while Wu's signs are being left in place,  over the objections by Plaintiff to the City and various City officials.

Based on the above facts, Plaintiff alleges the following claims:

## FIRST CLAIM FOR RELIEF

### (Violation of Civil Rights Under 42 U.S.C.Section 1983

### by Plaintiff Against All Defendants)

25.  Plaintiff  realleges and incorporates herein by reference to each and every allegation contained in Paragraphs 1-24, and all its subparts, inclusive, as set forth hereinabove.

26.   Plaintifff is informed and believes, and based upon such information and belief alleges, that in doing all of the things herein mentioned, the City and defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of West Covina, and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

6

27.   Plaintiff is further are informed and believes, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-24 above, the City and defendants, and each of them, violates and further threatens to violate the constitutional and civil rights of Plaintiff, in particular his individual rights under the First and Fourteenth Amendments of the United States Constitution; in that the City's Ordinance, City Municipal Code Section 2-402, limiting the amount an individual can contribute to a canidate for elected office in the City, to $500 in any calendar year, and makes it a crime or subject to a civil action by the City for doing so, is in violation of the First Amendment, on its face and as applied to Plaintiff; and further violates his individual rights under the individual rights under the Equal Protection Clause Fourteenth Amendments of the United States Constitution.

28.   The City's actions described in paragraphs 1-24 above were done pursuant to official policy, custom, or practice of the City.

29.   As a proximate result of the foregoing acts of defendants, and each of them, Plaintiff has suffered extreme hardship and damages, which damages include, but is not limited to, non-economic damages, according to proof at trial, but no less than $5,000,000.00; against the defendants, and each of them, and to appropriate declaratory and injunctive relief, enjoining that the City's Ordinance, City Municipal Code Section 2-402, limiting the amount an individual can contribute to a canidate for elected office in the City, to $500 in any calendar year and to his reasonable attorneys fees under 42 U.S.C. Section 1988.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

## FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial, but believed to be not less than $5,000,000.00;

2. For appropriate declaratory and injunctive relief,

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

## FOR ALL CLAIMS FOR RELIEF

.4. For costs of suit; and

5. For such other and further relief as the Court deems just and proper.

DATED: October 24, 2022        LAW OFFICES OF FRANK A. WEISER


By: _____
       FRANK A. WEISER, Attorney for
       Plaintiff RAMBOD SOTOODEH

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to F.R.C.P. 38.

DATED: October 24, 2022        LAW OFFICES OF FRANK A. WEISER


By: _____
       FRANK A. WEISER, Attorney for
       Plaintiff RAMBOD SOTOODEH

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

ORDINANCE NO. 2272

## AN ORDINANCE OF THE CITY COUNCIL OF THE CITY OF WEST COVINA, CALIFORNIA, AMENDING CHAPTER 2, ARTICLE VIII OF THE WEST COVINA MUNICIPAL CODE RELATING TO CAMPAIGN FINANCE REGULATIONS

WHEREAS, the City of West Covina's campaign finance regulations, codified in Chapter 2, Article VIII of the West Covina Municipal Code, was last reviewed in 1985 and 2002; and

WHEREAS, since 1985 and 2002, there have been substantial changes in the state of campaign finance law and the City Council wishes to update the City's campaign finance regulations; and

WHEREAS, the City Council finds and declares as follows:

(1) Monetary contributions to political campaigns are a legitimate form of participation in the political process; however, the financial strength of certain persons, as defined herein, should not permit the exercise of a disproportionate, controlling, or corrupting influence in a local election of candidates.

(2) The increasing costs of political campaigns have compelled candidates to take larger amounts of money from persons with specific financial stake in matters before the City Council. This has caused a public perception that votes may be improperly influenced by monetary contributions.

(3) The tendency for campaign contributions to be dominated by a small number of very large contributors undermines the integrity of the governmental process, the competitiveness of campaigns, and the public confidence in local officials and local agencies.

(4) High campaign costs are also forcing officeholders to spend more time on fundraising and less time on the public's business. The constant pressure to raise contributions is distracting officeholders from urgent governmental matters.

WHEREAS, the City Council wishes to enact this ordinance for the following purposes:

(1) To improve methods of financing campaigns in order to ensure the public's right-to-know, combat corruption and undue influence, enable candidates to compete more equitably for public office, and promote citizen participation in the political process.

(2) To prevent parties with a specific financial interest in the City's decisions from exerting undue influence over those decisions by means of large campaign contributions.

(3) To allow candidates and officeholders to spend a lesser proportion of their time on fundraising and greater proportion of their time dealing with issues of importance to the

**SECTION NO. 1**: Chapter 2, Article VIII of the West Covina Municipal Code is repealed in its entirety and replaced as follows:

### Section 2-400. Findings, Declarations, and Purpose.

In enacting this Article, the City Council finds and declares as follows:

(a) Findings and Declarations

(1) Monetary contributions to political campaigns are a legitimate form of participation in the political process; however, the financial strength of certain persons, as defined herein, should not permit the exercise of a disproportionate, controlling, or corrupting influence in a local election of candidates.

(2) The increasing costs of political campaigns have compelled candidates to take larger amounts of money from persons with specific financial stake in matters before the City Council. This has caused a public perception that votes may be improperly influenced by monetary contributions.

(3) The tendency for campaign contributions to be dominated by a small number of very large contributors undermines the integrity of the governmental process, the competitiveness of campaigns, and the public confidence in local officials and local agencies.

(4) High campaign costs are also forcing officeholders to spend more time on fundraising and less time on the public's business. The constant pressure to raise contributions is distracting officeholders from urgent governmental matters.

(b) Purpose. The City Council enacts this ordinance to accomplish the following purposes:

(1) To improve methods of financing campaigns in order to ensure the public's right-to-know, combat corruption and undue influence, enable candidates to compete more equitably for public office, and promote citizen participation in the political process.

(2) To prevent parties with a specific financial interest in the City's decisions from exerting undue influence over those decisions by means of large campaign contributions.

(3) To allow candidates and officeholders to spend a lesser proportion of their time on fundraising and greater proportion of their time dealing with issues of importance to the City and its residents.

(4) To improve the disclosure of contribution sources in reasonable and effective ways.

(5) To restore public trust in governmental electoral institutions.

### Section 2-401 Campaign contribution reporting requirements.

Candidates running for and officeholders in positions of elective office in the city shall

defined in Government Code Section 84302. "Written instrument" includes, but is not limited to, check and credit card donations, but excludes money orders, traveler's checks and cashier's checks.

### Section 2-402. Contributions by persons.

No person shall make, and no candidate shall receive from any person, any contribution to the campaign of any individual candidate for any City of West Covina elective public office in excess of Five Hundred Dollars ($500) in any calendar year. This amount shall automatically be adjusted on January 1st of every odd-numbered year to reflect any increase or decrease in the Consumer Price Index for the prior year utilizing the standard as established by the Bureau of Labor Statistics of the U.S. Department of Labor for all urban consumers in the Los Angeles, Riverside and Orange County areas. This adjustment shall be rounded to the nearest One Dollar ($1). This adjustment shall also be published on the City's website, if it exists, and posted at three public places for at least ninety (90) days from its effective date.

### Section 2-403. Definitions.

The definitions set forth in Sections 82000, *et seq.* of the California Government Code shall be applicable to the provisions and terms of this article.

### Section 2-404. Enforcement.

(a) Any person who believes that a violation of this article has occurred may file a complaint with the city attorney. The city attorney shall investigate and shall have investigative powers as are necessary for the performance of his or her duties under this article.

(b) The city attorney, or any registered voter of the City, may bring a civil action to enjoin violations of or compel compliance with the provisions of this article.

### Section 2-405. Penalties.

(a) Any person who knowingly or willfully violates any provision of this article shall be guilty of a misdemeanor, and on conviction thereof shall be punishable by a fine of not more than one thousand dollars ($1,000.00) for each violation or by imprisonment of not more than six (6) months or both such fine and imprisonment.

(b) Notwithstanding subsection (a), any person who intentionally or negligently violates any of the provisions of this article may be subject to a civil action brought by the city attorney acting as the civil prosecutor for an amount up to one thousand dollars ($1,000.00) for each violation, or three (3) times the amount not reported, or the amount received in excess of the amount allowable pursuant to this article, whichever is greater.

**SECTION NO. 2:** INCONSISTENCIES. Any provision of the West Covina Municipal Code or appendices thereto inconsistent with the provisions of this ordinance, to the extent of such inconsistencies and or further, is hereby repealed or modified to the extent necessary to affect the provisions of this ordinance.

**SECTION NO. 3:** SEVERABILITY. If any provision or clause of this ordinance or the application thereof to any person or circumstances is held to be unconstitutional or otherwise invalid by any court of competent jurisdiction, such invalidity shall not affect other provisions or

summary and shall post in the office of the City Clerk a certified copy of this Ordinance together with the names and member of the City Council voting for and against the same.

PASSED AND APPROVED on this 17th day of February, 2015.

Frederick Sykes
Mayor

APPROVED AS TO FORM:

Kimberly Hall Barlow
City Attorney

ATTEST:

Nickolas S. Lewis
City Clerk

I, NICKOLAS S. LEWIS, CITY CLERK of the City of West Covina, California, do hereby certify that the foregoing Ordinance was regularly introduced and placed upon its first reading at a regular meeting of the City Council on the 3rd day of February, 2015. That thereafter said Ordinance was duly adopted and passed at a regular meeting of the City Council on the 17th day of February, 2015, by the following vote:

AYES:       Toma, Warshaw, Sykes
NOES:       Spence
ABSENT:     Herfert
ABSTAIN:    None

Nickolas S. Lewis
City Clerk

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES ) SS
CITY OF WEST COVINA )

## CERTIFICATION OF ORDINANCE NO. 2272

I, Lisa Sherrick, Assistant City Clerk of the City of West Covina, California, do hereby certify that this is a true and correct copy of the original **City Council Ordinance No. 2272, AN ORDINANCE OF THE CITY OF WEST COVINA, CALIFORNIA AMENDING CHAPTER 2 ARTICLE VIII OF THE WEST COVINA MUNICIPAL CODE RELATING TO CAMPAIGN FINANCE REGULATIONS**

WITNESS MY HAND AND THE SEAL OF THE CITY OF WEST COVINA, on this 4th day of October 2022.

Lisa Sherrick
Assistant/City Clerk